IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK A. MANN,                    Civ. No. 6:14-CV-01774-AA

    Plaintiff,                OPINION AND ORDER

    v.

UNITED STATES OF AMERICA,

    Defendant.

---

Mark A. Mann
1123 NW Canyon Drive
Redmond, OR 97756
    Plaintiff, appearing pro se

S. Amanda Marshall
United States Attorney
Kevin Danielson
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
    Attorneys for Defendant

1   -   OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Mark Mann filed suit against the United States of America (United States), alleging that the United States, through the Department of Transportation (DOT), violated the Freedom of Information Act (FOIA) by withholding information plaintiff requested. Plaintiff seeks attorneys fees, an order to produce documents, and an order enjoining the United States from denying future FOIA requests for data in LandXML format when such data exists. Defendant now moves for a protective order pursuant to Fed. R. Civ. P. 26(c) to forbid discovery requested by plaintiff. Plaintiff opposes defendant's motion and in response filed a motion to compel discovery.

Defendant's motion for a protective order is granted and plaintiff's motion to compel discovery is denied.

## I. BACKGROUND

Plaintiff's claim arises from a FOIA request he made for design-related information in "LandXML format," regarding the Tiller Trail Highway Project in Oregon. Def.'s Mt. at 2; Pl.'s Comp. at 5. The DOT denied plaintiff's request in part, because it did not maintain the information in the format requested. <u>Id.</u> Plaintiff appealed this decision. On September 23, 2014, the DOT denied plaintiff's appeal, stating in relevant part:

> You are seeking to have the Agency take a smaller amount of two-dimensional data from a larger data source and, through another software program, manipulate or process

that data in order to create a particular arrangement of that data, giving it new characteristics as a three-dimensional model...As fulfilling your request would constitute creating a new record, the Agency properly determined that there were no records responsive to your request. Pl.'s Comp. at 4.

On September 29, 2014, plaintiff submitted another FOIA request clarifying his original request and adding in some additional XSR files, which were not part of his original request. Pl.'s Comp. at 6. On October 14, 2014, plaintiff received a letter that concluded he was attempting to seek the same information as he did in his initial FOIA request; therefore, his request was subject to the original appeal determination. On October 16, 2014, plaintiff filed an appeal. On October 21, 2014, plaintiff received an email reply stating that since his "latest request for information is a duplicate of [his] initial request and [his] initial request was denied in full on September 23, 2014...there is no further right to appeal." Pl.'s Comp. at 6.

On November 7, 2014, plaintiff filed a complaint in this action. Since then, plaintiff has submitted discovery requests related to his original FOIA request. On March 2, 2015, defendant filed this motion requesting a protective order to prohibit discovery, because FOIA cases are generally resolved on summary judgment and without discovery.

## II. DISCUSSION

Defendant argues that plaintiff's discovery requests should be

3    -    OPINION AND ORDER

denied and a protective order by this court granted because defendant has not moved for summary judgment and discovery is rarely allowed in FOIA cases. Plaintiff argues that his discovery requests do not request any information that was denied by defendant in response to his FOIA request; rather, plaintiff seeks to verify that defendant's original design files are readily reproducible in the format requested by him and to confirm the identity of the custodian of record. Pl.'s Ans. at 7. Plaintiff further argues that the party resisting discovery bears the burden of establishing lack of relevance or undue burden. Pl.'s Br. at 8. Defendant maintains that it is black letter law that discovery is rarely allowed in FOIA cases. Df.'s Rep. Br. at 2. I agree.

Any party, from whom discovery is sought, may seek a protective order from the court. Fed. R. Civ. P. 26(c)(1). A court may issue a protective order in order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Id. A court may grant a protective order to limit or forbid discovery, or to specify the terms for discovery. Fed. R. Civ. P. 26(c)(1)(A-B). FOIA cases are usually decided on summary judgment; if discovery is allowed it is limited, because "the case revolves around the propriety of revealing of certain documents." Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008).

Thus, defendant is correct that "discovery is rarely allowed in FOIA cases." Def.'s Br. at 2. Lane v. Dep't of Interior, 523

4   -   OPINION AND ORDER

F.3d 1128, 1134 (9th Cir. 2008)(ruling that discovery is typically not a part of FOIA); <u>Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury</u>, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008)("Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery."); <u>Smith v. FAA</u>, 2015 WL 456467 at *6 (D. Or. Feb. 2, 2015)("FOIA cases are generally decided via summary judgment and discovery is not typically part of FOIA cases." <u>Yagman v. U.S. Dep't of Justice</u>, 2014 WL 1245305 at *5 (C.D. Cal. March, 22, 2014)("Discovery is the exception, not the rule in FOIA cases.").

Furthermore, discovery is only appropriate in FOIA cases when an agency has not taken adequate steps to find responsive documents. Therefore, discovery is usually not allowed "if the government's declarations were made in good faith and provide specific detail about the methods used to produce the information." <u>Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of Treasury</u>, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008). Rather, to obtain discovery, the plaintiff must make a sufficient showing of bad faith by the agency after the agency has moved for summary judgment. <u>Id.</u>

Here, defendant has not moved for summary judgment, and plaintiff has not shown discovery is appropriate at this stage in the litigation.

5    -   OPINION AND ORDER

CONCLUSION

Therefore, defendant's motion for a protective order (doc. 14) is GRANTED and plaintiff's motion to compel discovery (doc. 15) is DENIED.

IT IS SO ORDERED.

Dated this 5th day of May, 2015.

_____
Ann Aiken
United States District Judge

6    -    OPINION AND ORDER